

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2004

# USA v. Marrero

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3753

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Marrero" (2004). *2004 Decisions.* Paper 682.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/682

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-3753

———————

UNITED STATES OF AMERICA

v.

ANTHONY MARRERO,
                              Appellant

———————

APPEAL FROM THE DISTRICT COURT
OF THE VIRGIN ISLANDS
D.C. Crim. No. 91-cr-00014-3
District Judge:  The Honorable Raymond L. Finch, Chief Judge

———————

Argued:  May 7, 2004

———————

Before: BARRY, AMBRO, and SMITH, <u>Circuit Judges</u>

———————

(Opinion Filed:    May 25, 2004)

———————

Stephen A. Brusch, Esq. (Argued)
Suite 2G
International Plaza
P.O. Box 988
Charlotte Amalie, St. Thomas
USVI,   00804

<u>Attorney for Appellant</u>

Tracey Christopher, Esq. (Argued)
St. Clair Theodore, Esq.
Office of the United States Attorney
1108 King Street, Suite 201
Christiansted, St. Croix
USVI,  00820

<u>Attorney for Appellee</u>

---

OPINION

---

BARRY, <u>Circuit Judge</u>

By order entered August 22, 2003, the District Court revoked the term of supervised release appellant Anthony Marrero was then serving and sentenced him to a term of imprisonment of twenty-four months.  In this appeal, appellant argued that the District Court lacked power to revoke his term of supervised release because, at the time of revocation, that term had expired.[1]

Because we were unable to determine from the record and the briefs of the parties whether supervised release had expired and, if so, when, counsel were directed to provide at oral argument "the dates, if any, from February 5, 1999 to August 19, 2003 during which Marrero was incarcerated and whether such period or periods of incarceration, if

---

[1]Appellant also argued that assuming his term of supervised release had expired, the delay caused by the government in holding his revocation hearing was not reasonably necessary.

2

any, were 'in connection with a conviction for a Federal, State or local crime.' <u>See</u> 18 U.S.C. § 3624(e)."

At oral argument, appellant's counsel advised the Court, and counsel for the United States did not dispute, that appellant had been incarcerated "in connection with a Federal, State or local offense" from May 12, 2001 to August 19, 2003, the date of the revocation hearing. It was, therefore, apparent that the three year term of supervised release which had been imposed on February 5, 1999 had not expired when that term was revoked because incarceration tolls a period of supervised release. The order of the District Court, entered on August 22, 2003, will, therefore, be affirmed.